Meghan O. Lambert
CA Bar ID No.: 258040
Osterhout Berger Disability Law
521 Cedar Way, Suite 200
Oakmont, PA 15139
Telephone: (412) 794-8003
Facsimile: (412) 794-8039
mlambert@obl.law
Attorney for Plaintiff, Pamela Spade

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA SPADE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>　　　　Defendant. | No. _____ |

## COMPLAINT

The Plaintiff, PAMELA SPADE, sues the Defendant, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY (hereinafter "LINCOLN") and states:

1. This is an action for legal and/or equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. § 1131(e) and (f).

3. At all times material hereto, Plaintiff was a resident of Shasta County, Redding, California.

4. Plaintiff was an employee of Dignity Health at Mercy Medical Center.

5. At all times material hereto, Plaintiff is and/or was a participant in Dignity Health's Long Term Disability Policy (LTD Policy) issued by Lincoln Life Assurance Company of Boston to Dignity Health.

6. Upon information and belief, Lincoln Life Assurance Company of Boston merged with LINCOLN and as a result of the merger, LINCOLN became responsible for all of the Lincoln Life Assurance Company of Boston's legal obligations, including policies, contracts, or certificates.

7. At all times material hereto, Defendant LINCOLN, a corporation licensed to do business in the State of California, was charged with making the final benefits determinations at issue under the LTD Policy, including the determinations made on Plaintiff's claim.

8. The LTD Policy was funded through a contract of insurance issued by LINCOLN, who pays claims from its own general assets.

9. The LTD Policy contains the following definition of disability:

" *'Disability' or 'Disabled' means:*

    i. *that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform with reasonable continuity the Substantial and Material Acts necessary to pursue his Own Occupation in the usual and customary way; and*

    ii. *thereafter, the Covered Person is unable to perform, with reasonable continuity, the Substantial and Material Acts of any occupation, meaning that as a result of sickness or injury the Covered Person is not able to engage with reasonable continuity in any occupation in which he could reasonably be expected to perform satisfactorily in light of his age, education, training, experience, station in life, and physical and mental capacity."*

10. Plaintiff last worked on January 5, 2019. Plaintiff applied for benefits under the LTD Policy and was awarded Long Term disability benefits effective July 4, 2019.

11. By letter dated January 8, 2021, LINCOLN determined that Plaintiff no longer met the definition of disability as defined in the LTD Policy beyond July 3, 2021 and closed her claim as of July 4, 2021.

12. Plaintiff appealed of the termination of benefits under the LTD Policy on February 28, 2022.

13. On May 9, 2022, LINCOLN affirmed the decision to terminate benefits. This affirmation was final and binding and LINCOLN informed Plaintiff that she had the right to bring a legal action under ERISA no later than October 1, 2024.

14. With respect to all claims made herein, Plaintiff has exhausted any and all administrative remedies provided under the LTD Policy.

15. The LTD Policy provides that Plaintiff is entitled to Long Term disability benefits if she meets the definition of Disabled.

16. Plaintiff has met the definition of Disabled within the meaning of the LTD Policy and is entitled to disability as of July 4, 2022 and through the present.

17. Defendant LINCOLN, since July 4, 2022 has failed and refused to pay Long Term disability benefits to Plaintiff and such failure and refusal constitutes an improper denial of benefits pursuant to a disability plan governed by ERISA.

18. The decision denying the Plaintiff the rights and benefits due under the LTD Policy was wrong, arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith. The decision is not supported by substantial evidence and arises from an erroneous application of the LTD Policy and federal law.

19. As a direct and proximate result of LINCOLN's actions, the Plaintiff has sustained damages and such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the LTD Policy.

20. Plaintiff has been required to obtain the services of the undersigned attorney in this matter and has agreed to a reasonable attorney fee as compensation to him for his services. Pursuant to 29 U.S.C. § 1132(g), Plaintiff is entitled to a reasonable attorney's fee and costs of action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, PAMELA SPADE, asks this Court to enter judgment against defendant LINCOLN, finding that:

(a) Plaintiff met the definition of Disabled under the LTD Plan as of July 4, 2022 and through the present;

(b) Plaintiff is entitled to Long Term disability benefits from July 4, 2022 through the present;

(c) An award reasonable attorney's fees and costs incurred in this action is proper; and

(d) Any such other and further relief this Court deems just and proper, including but not limited to a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and remanding Plaintiff's claim to LINCOLN for further action to address continuing benefits after the final date of benefits awarded by this Court.

November 10, 2022          /s/ Meghan O. Lambert
DATED                      MEGHAN O. LAMBERT, ESQUIRE
                           Attorney for Plaintiff, Pamela Spade